**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 96-4747

RUBY LEE BERNICE DOLLARD,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-27)

Submitted: February 24, 1998

Decided: September 21, 1998

Before ERVIN, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

I. S. Leevy Johnson, Columbia, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Kelly E. Shackelford, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ruby Lee Bernice Dollard appeals her convictions for (1) conspiracy to possess with intent to distribute cocaine and cocaine base, 21 U.S.C.A. § 846 (West Supp. 1997), (2) attempted possession of cocaine with the intent to distribute, 21 U.S.C.§ 841(a)(1) (1994), and (3) possession of cocaine base (crack), 21 U.S.C. § 841(a)(1). Finding no merit in the four claims raised on appeal, we affirm.

I

An informant told law enforcement officials that on January 6, 1996, a man transporting cocaine would arrive at the Kingstree, South Carolina, Amtrak station on the evening northbound train. Agents set up surveillance at the station and approached Jeffrey Ford. They noticed a package containing nine ounces of cocaine on the ground where Ford had been standing. They arrested Ford, who stated that he had brought the cocaine from Florida and had intended to deliver it to Dollard. Ford stated that he had previously obtained drugs in Florida and delivered them to Dollard.

Ford agreed to cooperate with investigators and to participate in a controlled delivery of cocaine to Dollard. On January 8, officers gave him a package containing a substance resembling cocaine. Ford was fitted with a body recording and transmitting device. He then paged Dollard, and she picked him up in her truck and drove him to her home in Stuckey, South Carolina.

Agents followed the truck to the Dollard residence. Dollard and Ford entered the house, and Ford showed her the package of fake cocaine. Dollard opened the package, tasted the substance, and stated that it was not cocaine. Agents monitoring the conversation then entered the home and arrested Dollard. After obtaining a search warrant, agents seized from her home the package containing the fake cocaine and $10,010 in cash. They seized from the front seat of her truck a cigarette case containing 25.53 grams of crack cocaine.

Among the witnesses at Dollard's jury trial were Ford and Joe "Bo" McFadden, who testified that on several occasions he had purchased crack from Dollard at her home. The jury convicted Dollard on all three counts of the indictment. Dollard was sentenced to concurrent terms of ninety months.

II

Dollard complains that there was insufficient evidence to convict her of possession of cocaine base. We sustain a jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (in banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868).

To sustain a conviction for possession of a controlled substance with intent to distribute it, the government must"prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed a controlled substance (3) with the intent to distribute it." United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984). Possession may be actual or constructive. "[T]o establish constructive possession the government must show ownership, dominion or control over the drug or the premises or vehicle in which it was concealed." United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). Actual or constructive possession may be established by direct or circumstantial evidence. See United States v. Garcia, 917 F.2d 1370, 1376 (5th Cir. 1990).

Here, there was sufficient evidence to support Dollard's conviction under § 841(a)(1). Bo McFadden testified that he had purchased crack from Dollard at her residence several months earlier. Officers discovered crack inside the truck which Dollard drove when she picked up Ford and transported him to her home, where she anticipated consummating a drug deal with him. Dollard clearly had the power to exercise dominion and control over the truck, where the crack was discovered. Under these circumstances, substantial evidence supports the jury's finding that she possessed the crack with the intent to distribute it.

3

III

Dollard contends that the district court improperly limited the cross-examination of Ford. We review limitations on cross examination for abuse of discretion. See United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994).

The record reveals no abuse of discretion. Defense counsel inquired extensively about Ford's trips to Florida, where he obtained cocaine that he delivered to Dollard and others in South Carolina. Counsel inquired where Ford obtained the cocaine, how much he paid for it, how he traveled to obtain it, and what profit he made on the transactions. Only when counsel began asking repetitive questions did the court limit cross-examination. This was an entirely appropriate restriction.

IV

Bo McFadden testified that he bought crack from Dollard at her residence two or three times in the summer of 1995. Dollard asserts that the district court permitted McFadden's testimony in violation of Fed. R. Evid. 404(b). We review the district court's decision to admit this evidence for abuse of discretion. See United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996).

Rule 404(b) permits evidence of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. It is an inclusive rule, excluding only evidence which has no purpose other than to show criminal disposition. See United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997). Under Rule 404(b), evidence which is relevant to any issue other than character, necessary, and reliable is admissible, provided it is not more prejudicial than probative. See id. at 195-96.

In United States v. Queen, 132 F.3d 991, No. 96-4085, 1997 WL 790470 (4th Cir. Dec. 29, 1997), we recently held:

> that evidence of prior acts becomes admissible . . . if it meets the following criteria: (1) The evidence must be rele-

4

vant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.

Id. at *6.

Under these authorities, admission of McFadden's testimony was not an abuse of discretion. The activity testified to, purchase of crack from Dollard at her residence, is very similar to the act charged in this case. It is probative of Dollard's motive and intent to distribute crack. The evidence was reliable: the jury was aware that McFadden was testifying in an attempt to receive favorable treatment in connection with drug charges against him, and evaluated the testimony with this knowledge. Finally, the testimony was not inflammatory and would not reasonably be expected to have produced a verdict grounded in emotion rather than reason.

V

Finally, Dollard asserts that she should have been permitted to examine certain summaries of interviews prepared by FBI agents. The district court reviewed these documents in camera and concluded that only one summary pertained to Dollard. The court ruled the summary not discoverable because the government did not intend to call the witness or otherwise use the information contained in the summary at trial. The district court's ruling was correct; the documents did not constitute Jencks Act material because the witness did not testify at Dollard's trial. See United States v. Roseboro , 87 F.3d 642, 645-46 (4th Cir. 1996). The material was therefore not discoverable.

VI

We accordingly affirm Dollard's convictions. We dispense with oral argument because the facts and legal contentions are adequately

5

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6